**FILED**

**JUL 12 2017**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | **17 CR 470** |
| v. | ) | Violations: Title 18, United States Code, Section 1951, and Title 29, United States Code, Section 186 |
| JOHN T. COLI, SR. | ) | |

**JUDGE PALLMEYER**

**MAGISTRATE JUDGE VALDEZ**

### COUNT ONE

THE SPECIAL FEBRUARY 2016 GRAND JURY charges:

1. At times material to this indictment:

    a. The International Brotherhood of Teamsters was a "labor organization" within the meaning of Title 29, United States Code, Sections 142(3), 152(5), 402(i) and 402(j) that represented, sought to represent, and would admit to membership workers engaged in industries affecting interstate commerce, and issued charters to local unions affiliated with the International Brotherhood of Teamsters.

    b. Teamsters Local Union 727, with offices in Park Ridge, Illinois, was issued a charter by the International Brotherhood of Teamsters, and was a "labor organization" within the meaning of Title 29, United States Code, Sections 142(3), 152(5), 402(i) and 402(j). Teamsters Local Union 727 represented, sought to represent, and would admit to membership workers engaged in industries affecting interstate commerce, including individuals who were employed at companies located in the greater Chicago area. The Constitution and By-Laws of Teamsters Local Union 727 required

all officers to take an oath to, among other things, "act solely in the interests of our members," and to "work to maintain a Union that is free of corruption."

   c. Teamsters Joint Council 25, with offices in Park Ridge, Illinois, was a joint council affiliated with the International Brotherhood of Teamsters and was a "labor organization" within the meaning of Title 29, United States Code, Sections 142(3), 152(5), 402(i) and 402(j). It represented and sought to represent workers employed in industries affecting interstate commerce including more than approximately 100,000 International Brotherhood of Teamsters members in the Chicago area and northwest Indiana region, and had approximately 26 local union affiliates, including but not limited to Teamsters Local Union 727.

   d. Defendant JOHN T. COLI, SR. was an officer of the following labor organizations: (i) an International Vice President—Central Region of the International Brotherhood of Teamsters from no later than in or around 2006 to in or around March 2017; (ii) the Secretary-Treasurer of Teamsters Local Union 727 from no later than in or around 2000 to on or about the date of this indictment; and (iii) the President of Teamsters Joint Council 25 from no later than in or around 2002 to on or about the date of this indictment. JOHN T. COLI, SR. was an employee of the International Brotherhood of Teamsters from no later than in or around 2006 to at least in or around March 2017 and an employee of Teamsters Local Union 727 from no later than in or around 2000 to on or about the date of this indictment.

      e.      Company 1 operated in the State of Illinois, conducted business with, and purchased goods from other companies located outside the State of Illinois and was thereby engaged in interstate commerce and an industry affecting interstate commerce. Company 2, a company affiliated with Company 1, employed workers employed in an industry affecting commerce, and provided services necessary to the operation of Company 1 on the premises occupied by Company 1.

      f.      The International Brotherhood of Teamsters and Teamsters Local Union 727 represented and would admit to membership employees of Company 2.

      g.      As an officer and employee of the International Brotherhood of Teamsters and Teamsters Local Union 727, labor organizations that represented and would admit to membership employees of Company 2, COLI was prohibited under Title 29, United States Code, Section 186, from willfully requesting, demanding, receiving or accepting a thing of value or sum of money from a person acting in the interest of Company 2.

      2.      Beginning no later than in or around October 2016, and continuing until on or about April 4, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN T. COLI, SR.,

defendant herein, did knowingly attempt to obstruct, delay and affect commerce by extortion, as "extortion" and "commerce" are defined in Title 18, United States Code, Section 1951(b), that is, the obtaining of property consisting of quarterly cash payments

of $25,000 in United States currency from Company 1, with the consent of Company 1, its officers and agents to be induced by the wrongful use of fear of economic loss from threatened work stoppages and other labor unrest unless such cash payments were made;

In violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about July 7, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JOHN T. COLI, SR.,

defendant herein, being an officer and employee of the International Brotherhood of Teamsters and Teamsters Local Union 727, labor organizations which represented and would admit to membership employees of Company 2, did willfully request, demand, receive and accept a thing of value and a sum of money, namely, approximately $25,000 in United States currency, a payment prohibited by Title 29, United States Code, Section 186(a), from Company 1 and Individual 1, persons acting in the interest of Company 2, an employer of employees employed in an industry affecting commerce;

In violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2).

## COUNT THREE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about October 4, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN T. COLI, SR.,

defendant herein, being an officer and employee of the International Brotherhood of Teamsters and Teamsters Local Union 727, labor organizations which represented and would admit to membership employees of Company 2, did willfully request, demand, receive and accept a thing of value and a sum of money, namely, approximately $15,000 in United States currency, a payment prohibited by Title 29, United States Code, Section 186(a), from Company 1 and Individual 1, persons acting in the interest of Company 2, an employer of employees employed in an industry affecting commerce;

In violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2).

## COUNT FOUR

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about November 29, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN T. COLI, SR.,

defendant herein, being an officer and employee of the International Brotherhood of Teamsters and Teamsters Local Union 727, labor organizations which represented and would admit to membership employees of Company 2, did willfully request, demand, receive and accept a thing of value and a sum of money, namely, approximately $10,000 in United States currency, a payment prohibited by Title 29, United States Code, Section 186(a), from Company 1 and Individual 1, persons acting in the interest of Company 2, an employer of employees employed in an industry affecting commerce;

In violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2).

## COUNT FIVE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about December 22, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN T. COLI, SR.,

defendant herein, being an officer and employee of the International Brotherhood of Teamsters and Teamsters Local Union 727, labor organizations which represented and would admit to membership employees of Company 2, did willfully request, demand, receive and accept a thing of value and a sum of money, namely, approximately $25,000 in United States currency, a payment prohibited by Title 29, United States Code, Section 186(a), from Company 1 and Individual 1, persons acting in the interest of Company 2, an employer of employees employed in an industry affecting commerce;

In violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2).

## COUNT SIX

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. Paragraph 1 of Count One of this indictment is incorporated here.

2. On or about April 4, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN T. COLI, SR.,

defendant herein, being an officer and employee of Teamsters Local Union 727, a labor organization which represented and would admit to membership employees of Company 2, did willfully request, demand, receive and accept a thing of value and a sum of money, namely, approximately $25,000 in United States currency, a payment prohibited by Title 29, United States Code, Section 186(a), from Company 1 and Individual 1, persons acting in the interest of Company 2, an employer of employees employed in an industry affecting commerce;

In violation of Title 29, United States Code, Sections 186(b)(1) and 186(d)(2).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2016 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1951, and Title 29, United States Code, Section 186, as set forth in Counts One through Six of this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of at least approximately $100,000.

3. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, including, but not limited to, the following property, as provided in Title 21, United States Code, Section 853(p): The real property commonly known as 1226 West George Street, Chicago, Illinois 60657, legally described as follows:

> LOT 89, IN THE SUBDIVISION OF BLOCK 8 IN THE SUBDIVISION OF THAT PART LYING NORTHEASTERLY OF THE CENTER LINE OF LINCOLN AVENUE OF THE NORTHWEST ¼ OF

SECTION 29, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

PIN 14-29-123-027-0000

A TRUE BILL

_____
FOREPERSON


_____
ACTING UNITED STATES ATTORNEY